■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER TIRADO, Appellant. [987 NYS2d 589]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Daniel McCullough, J.), rendered on or about October 11, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.

■ 2110-2118 ACBP, LLC, Respondent, v LUCY HOLLAND-HARDEN, Appellant, et al., Defendants. [987 NYS2d 369]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 15, 2013, which, following a traverse hearing, denied defendant-appellant's motion to dismiss the complaint and vacate the judgment issued against her, and reinstated a previously vacated Judgment of Foreclosure and Sale, dated August 14, 2012, unanimously affirmed, without costs.

Plaintiff satisfied its burden of establishing personal jurisdiction over defendant-appellant (defendant), pursuant to CPLR 308 (2). At the traverse hearing, the process server testified that, after attempting to personally serve defendant and her husband at their apartment building, he delivered the pleadings to the building's doorman, a "person of suitable age and discretion" (CPLR 308 [2]; *F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]). The process server also testified that, consistent with his affidavit of service, he then mailed the pleadings to defendant's residence. Although the mailings were mistakenly addressed, under the circumstances of this case, the mailing requirement of CPLR 308 (2) was satisfied.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.